1  JESSICA L. LINEHAN – SBN 223569
   linehan.jessica@dorsey.com
2  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
3  Costa Mesa, CA 92626
   Telephone: (714) 800-1400; Facsimile: (714) 800-1499
4
   SKIP DUROCHER – SBN 0208966 (Pro Hac Vice)
5  durocher.skip@dorsey.com
   ANDREW BRANTINGHAM – SBN 0389952 (Pro Hac Vice)
6  brantingham.andrew@dorsey.com
   NATHAN J. EBNET – SBN 0395217 (Pro Hac Vice)
7  ebnet.nathan@dorsey.com
   DORSEY & WHITNEY LLP
8  50 South Sixth Street, Suite 1500
   Minneapolis, MN 55402
9  Telephone: (612) 340-2600; Facsimile: (612) 340-2868

10 *Attorneys for Defendants, Waitr Incorporated and Chris Meaux*

11 NAVID YADEGAR (State Bar # 205315)
       Navid@ymsllp.com
12 NAVID SOLEYMANI (State Bar # 219190)
       Soleymani@ymsllp.com
13 YADEGAR, MINOOFAR & SOLEYMANI, LLP
   1875 Century Park East, Suite 1240
14 Los Angeles, California 90067
   Telephone: (310) 499-0140; Facsimile: (888) 667-9576
15
   *Attorneys for Plaintiff, Jon Shumate*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON SHUMATE, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAITR INCORPORATED, a Delaware corporation, CHRIS MEAUX, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:19-CV-00986-TLN-KJN<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: April 23, 2019<br>Trial Date: Not Set |

Pursuant to Local Rule 141.1, the parties stipulate that the Court may enter the following Protective Order. An Order from the Court is needed to protect the confidentiality of, *inter alia*, confidential business information and information related to non-parties to this lawsuit.

1. **Definitions.** As used in this Protective Order:
    (a) "Attorney" means an attorney who has appeared in this action;
    (b) "Confidential Document" means a document designated as Confidential under this Protective Order;
    (c) "Destroy" in the context of electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;
    (d) "Document" means information disclosed or produced in discovery, including at a deposition;
    (e) "Notice" or "Notify" means written notice;
    (f) "Party" means a party to this action; and
    (g) "Protected Document" means a document protected by a privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential.**
    (a) A party or non-party disclosing or producing a document may designate it as Confidential, pursuant to Fed. R. Civ. P. 26(c), if the party or non-party reasonably and in good faith contends that it contains confidential or proprietary information that has not been made public by the disclosing party. In accordance with Local Rule 141.1(c)(1), the types of information eligible for protection under this Order include, but are not necessarily limited to:
        (1) non-public documents related to the merger transaction by and among Waitr, Inc.; Landcadia Holdings, Inc.; and Landcadia Merger Sub, Inc.;

(2) non-public documents related to Waitr, Inc.'s acquisition of Requested, Inc.;

(3) communications between or among Waitr, Inc. and Landcadia Holdings, Inc. (and/or their respective predecessors, successors, affiliates, or representatives) regarding the subject matter(s) of this lawsuit;

(4) minutes of meetings of the board of directors of Waitr, Inc.; and

(5) non-public documents or information relating to the finances or business operations of Shumate, Waitr, Inc. or Landcadia Holdings, Inc. (and/or their predecessors, successors, or affiliates), disclosure of which may threaten or cause competitive harm to such entities;

(6) wage and personnel records related to Jon Shumate's employment at Waitr, Inc.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "Confidential." In the event that a storage device, such as a USB drive or DVD, is produced and it is impossible or impractical to mark the content of the storage device as "Confidential," the producing party may conspicuously mark the storage device as "Confidential."

(c) Deposition testimony may be designated as Confidential:

(1) at any time on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to Confidential information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential Documents.

3

STIPULATED PROTECTIVE ORDER
CASE NO. 2:19-CV-00986-TLN-KJN

3. **Who May Receive a Confidential Document.**

(a) A Confidential Document may be used solely in connection with the claims and defenses in this action and for no other purpose. Any other use is prohibited.

(b) No person receiving a Confidential Document may, directly or indirectly, reveal, use, transfer, disclose, or communicate in any way the document and its contents to any person other than the following:

(1) the Court and its staff;

(2) an attorney or an attorney's partner, associate, or staff, including in-house counsel for the parties;

(3) a person shown on the face of the Confidential Document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party (subject to paragraph 3(c));

(6) any person who:

(A) is retained to assist a party or attorney with this action, including but not limited to outside vendors, experts, and consultants; and

(B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

I have read, and agree to be bound by, the Protective Order in the case captioned *Shumate v. Waitr Incorporated, et al.*, Case No. 2:19-cv-00986-TLN-KJN, in the United States District Court for the Eastern District of California. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any

appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

I declare under penalty of perjury that the foregoing is true and correct.

(7) Counsel who provided access to Confidential Documents pursuant to this provision shall maintain a collection of all signed declarations by which persons have agreed to be bound by this Order;

(8) any mediator appointed by the Court or mutually agreed upon by the parties; and

(9) other persons upon further order of the Court or written consent of the parties.

(c) If a Confidential Document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

(d) Third parties or non-parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be provided along with any subpoena served in connection with this action (see paragraph 4). All documents produced by such third parties or non-parties shall be treated as Confidential for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential." Failure of any party to designate any document as confidential during the 14-day period shall not be deemed a waiver of the party's right to later seek that any document be treated as confidential.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order and of Local Rule 141.1.

5. **Correcting an Error in Designation.** A party or non-party who inadvertently discloses or produces a document that should be designated as Confidential, but was not so designated, shall promptly upon discovery of the error or oversight, provide notice of the error or oversight and produce a copy of the document designated as Confidential. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed Confidential Document for any purposes until any issue or dispute of privilege, protection, or immunity is resolved by agreement of the parties or by the Court.

6. **Use of a Confidential Document in Court.**

(a) Filing. This protective order does not authorize the filing of any document under seal. A Confidential Document may be filed under seal only in accordance with LR 141.

(b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's Confidential Document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the Court.

7. **Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a party: A Confidential Document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the Court orders otherwise.

(b) Document produced by a non-party: A Confidential Document produced by a non-party remains confidential unless the non-party agrees to change its designation or the Court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by Court order: A party who cannot obtain agreement to change a designation may move the Court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as Confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8. Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this action (including any appeals), each party must:

(1) return or destroy all Confidential Documents; and

(2) notify the disclosing or producing party that it has returned or destroyed all Confidential Documents within the 60-day period.

(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any Confidential Document submitted to the Court.

(c) Defendants agree to retain copies of Defendants' Confidential Documents produced to Plaintiff during this action for a period of four years after termination of the action (including any appeals). Defendants agree to make such documents available to Plaintiff's counsel during such period, upon request, solely for use in subsequent proceedings related to this action. Defendants and Plaintiff's counsel shall negotiate a separate agreement or protective order specifically governing the use of such Confidential Documents, in the event Plaintiff's counsel makes a request pursuant to this paragraph 8(c).

**9. Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a Protected Document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced Protected Document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a Protected Document must comply with Fed. R. Civ. P. 26(b)(5)(B).

(c) Pursuant to Rule 502(d) of the Federal Rules of Evidence, nothing in this order shall require disclosure of information protected by the attorney-client privilege or work-product protection, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver of the attorney-client privilege or work-product protection, or other privilege or immunity. If a designating party becomes aware that it has inadvertently produced information protected by the attorney-client privilege or work-product protection, or other privilege or immunity, the designating party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return, destroy, or sequester all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege, protection, or immunity shall be destroyed or sequestered forthwith. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product protection or other applicable privilege, protection, or immunity designation

by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged, protected, or immune nature of any inadvertently produced information or material. Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege, protection, or immunity is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials, or any notes or summaries referring or relating to any such inadvertently produced information or materials, to respond to a motion by the designating party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials that it knows or reasonably should know is privileged, protected, or immune, counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the designating party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the designating party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

10. **Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any document designated Confidential disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**12. Miscellaneous.**

(a) Any party may apply to the Court for a modification of the protective order, and nothing in this protective order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

(b) Nothing herein shall be construed to prevent any party from using or continuing to use any information that is in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such Party or of disclosure in violation of the protective order. Nothing herein shall be construed to prevent a Party from using or continuing to use any documents or information known to it or used by it prior to the filing of the protective order or that has come or shall come into a party's possession independently of disclosure and/or discovery in this case, so long as the documents or information was obtained lawfully and does not violate a different confidentiality order or agreement.

(c) No action taken in accordance with the protective order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

DATED: September 26, 2019    YADEGAR, MINOOFAR & SOLEYMANI, LLP

By: */s/ Navid Yadegar*
Navid Yadegar
Navid Soleymani
Attorneys for Plaintiff, JON SHUMATE

1   DATED: September 26, 2019      DORSEY & WHITNEY LLP

By:  */s/ Jessica L. Linehan*
Jessica L. Linehan
Skip Durocher
Andrew Brantingham
Nathan J. Ebnet
Attorneys for Defendants
WAITR INCORPORATED AND
CHRIS MEAUX

## ORDER

The Court, having reviewed the foregoing Stipulation, and good cause appearing therefore:

**IT IS HEREBY ORDERED** that the foregoing Protective Order is entered in this case and deemed filed as of the date this Order is transmitted via the CM/ECF system.

**IT IS SO ORDERED.**

Dated: October 1, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE